IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| INTERNATIONAL SECURITY MANAGEMENT GROUP, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:06cv0456 ) |
| CHRISTOPHER SAWYER and CITADEL SECURITY SERVICES, LLC, | ) Judge Thomas A. Wiseman, Jr. ) ) |
| Defendants. | ) ) |

## PRELIMINARY INJUNCTION

Plaintiff International Security Management Group, Inc. ("ISMG") filed a Complaint against Defendants Christopher Sawyer ("Sawyer") and Citadel Security Services, LLC ("Citadel") (collectively, "Defendants") alleging, among other things, that Sawyer individually and through Citadel was in violation of certain restrictive covenants set forth in an employment agreement ("Employment Agreement") between Sawyer and ISMG, his former employer. Among other requested relief, ISMG seeks temporary, preliminary and permanent injunctive relief prohibiting Sawyer, individually or through Citadel, from further breach of the Employment Agreement or other unfair competition.

Along with its Complaint, ISMG filed an Emergency Application For Temporary Restraining Order ("TRO"). The hearing on Plaintiff's Emergency Application was held on May 9, 2006 and resulted in the entry of a TRO by Judge Haynes, also on May 9, 2006. Now pending is ISMG's motion to convert the TRO into a preliminary injunction (Doc. No. 12). In addition, ISMG also argues that it is entitled to a preliminary injunction barring Defendants from soliciting current ISMG employees in violation of the Employment Agreement, which issue was not addressed in the TRO. Defendants have filed a response in opposition to Plaintiff's motion (Doc. No. 14) and ISMG filed a reply brief (Doc. No. 17). An evidentiary hearing was conducted on Monday, May 22, 2006 and the issue is ripe for consideration.

For reasons explained more fully in the accompanying Memorandum Opinion, ISMG's motion for a preliminary injunction will be granted in part and denied in part, and a preliminary injunction will enter in accordance with the terms set forth below:

1. ISMG's request for a preliminary injunction prohibiting Defendants from destroying any documents, materials, information or other property, including electronically stored information related to the subject matter set forth in Plaintiff's complaint, will be and is hereby **DENIED** on the basis that no evidence was presented at the hearing suggesting that Defendants have engaged in such unlawful destructive behavior in the past nor that they will do so in the future.

2. ISMG's request for a preliminary injunction requiring Defendants immediately to return to ISMG any of its property in the Defendants' possession, custody or control, will be and is hereby **DENIED** on the basis that ISMG has conceded that Defendants have already complied with the prior Temporary Restraining Order requiring such action.

3. ISMG's request for a preliminary injunction prohibiting Defendants from disclosing or making use of any of ISMG's Business Secrets, as that term is defined in the Employment Agreement, will be granted. Specifically, both Defendants shall be barred from continued use of any of ISMG's pricing information and from listing or naming ISMG's clients as "references" in ISMG's proposal forms.

4. With respect to ISMG's request for a preliminary injunction prohibiting Defendants from (1) soliciting or (2) performing private security services for any existing client of Plaintiff with whom Defendant Sawyer had contact or administrative responsibility while employed by ISMG, including Colliers Turley Martin Tucker, the Court finds as follows:

   (a) Defendants have agreed in open court that they are prohibited from and that they will refrain from contacting, soliciting, or providing private security services for any current clients of ISMG, including the eight buildings in Tennessee for which ISMG presently provides private security services, for one year following termination of Defendant Sawyer's employment with Plaintiff. Accordingly, Plaintiff's motion to convert the TRO as to this issue into a preliminary injunction will be granted**.**

   (b) It is completely unreasonable to construe the term "actual client" as used in the Employment Agreement to include Colliers Turley Martin Tucker generally, as such an interpretation would preclude Defendants from soliciting business or providing services at a vast number of buildings in Tennessee and Kentucky for which Plaintiff does not now and

has not ever provided security services, and with respect to which Plaintiff has never submitted proposals for the provision of security services. Plaintiff's motion to convert the TRO into a preliminary injunction barring Defendants from soliciting or performing private security services for any building in Tennessee or Kentucky managed by Colliers will therefore be and is hereby **DENIED**.

      (c) The Financial Center qualifies as a prospective client under the Employment Agreement, and ISMG has presented evidence indicating that Defendant Sawyer breached the Employment Agreement and otherwise may be subject to liability under Tennessee law in connection with his and Defendant Citadel's solicitation of the security services contract at the Financial Center. Notwithstanding, ISMG has not established that entry of a preliminary injunction prohibiting Defendants from going forward with execution and performance of the contract with the Financial Center is warranted. That proverbial horse has already left the barn, given that the Financial Center contract likely would not have been awarded to ISMG even if Sawyer had not solicited it for Citadel, and likely would not be awarded to ISMG now even if Citadel were enjoined from going forward with finalizing and performing the security services contract at the Financial Center. Awarding prospective injunctive relief would not prevent further injury from occurring, nor would maintaining the *status quo* benefit any of the parties involved, including the Financial Center and Colliers as well as Plaintiff and Defendants. Plaintiff's motion to convert the TRO into a preliminary injunction barring Defendants from providing security services at the Financial Center for one year following Sawyer's resignation date will therefore be and is hereby **DENIED**.

5.    ISMG's request for a preliminary injunction enforcing the Employment Agreement provision prohibiting Defendant Sawyer from "solicit[ing] or aid[ing] a competing provider of private security business services to solicit any person who is employed by the Company at the time Employee's employment is terminated, to terminate that person's employment [with] the [Plaintiff] and to accept employment with a competing provider of private business security services," will be granted. As discussed in the accompanying Memorandum Opinion, the Court finds that the act of placing a generic advertisement in the Tennessean

3

seeking qualified applicants, without disclosing Defendant Sawyer's involvement with the company placing the ad, does not constitute "solicitation," but that the acts of interviewing, negotiating with, persuading or making a job offer to a current ISMG employee to come work for Citadel would constitute "solicitation" under the ordinary meaning of the term. ISMG's motion to enter a preliminary injunction enforcing the Employment Agreement provision barring Defendants from soliciting current ISMG employees to work for Citadel will be granted.

Accordingly, the Court **ENTERS A PRELIMINARY INJUNCTION** as follows:

1. Defendants are hereby preliminarily enjoined from continued use of any of ISMG's pricing information and from listing or naming ISMG's clients as "references" in ISMG's proposal forms;

2. Defendants are hereby preliminarily enjoined from contacting, soliciting, or providing private security services for any current clients of ISMG, including the eight buildings in Tennessee for which ISMG presently provides private security services, for one year from the effective date of Defendant Sawyer's resignation from ISMG;

3. Defendants are hereby preliminarily enjoined from soliciting or aiding any person to solicit, as that term has been construed herein and in the accompanying Memorandum Opinion, any person who is employed by ISMG and was employed at ISMG at the time Sawyer's employment with ISMG terminated, to terminate that person's employment with ISMG and to accept employment with Citadel.

4. ISMG shall no longer be required to post a bond.

5, The TRO entered on May 9, 2006 is hereby **DISSOLVED**.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge